# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT GRAY AND JACOB GRAY | * |
| | * |
| | *    CASE NO. |
| VS. | * |
| | *    JURY TRIAL DEMANDED |
| THE CITY OF DENHAM SPRINGS, | * |
| J. SHANNON WOMACK IN HIS | * |
| CAPACITY AS CHIEF OF POLICE | * |
| OF THE DENHAM SPRINGS POLICE | * |
| DEPARTMENT, UNKNOWN DENHAM | * |
| SPRINGS POLICE OFFICERS | |

****************************************************************************

## COMPLAINT WITH JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Robert Gray and

Jacob Gray both persons of full age and of majority, resident and domicile of Livingston Parish,

respectfully represent the following:

### PARTIES

1.

Made Defendants herein are the following:

a) THE CITY OF DENHAM SPRINGS, a local government entity and body politically created by statute, being a municipality, and political subdivision of the State of Louisiana, but not an agency, or department, or arm of the State of Louisiana (hereinafter sometimes referred to as "City,"), and owns, operates, manages, directs, and controls the Denham Springs Police Department ("DSPD"), which employs Defendants "unknown DSPD officers" , J. Shannon Womack;

b) THE UNKNOWN DSPD OFFICERS, were at all relevant times to this complaint officers in the Denham Springs Police Department, are persons of full age and of majority, domiciled in Livingston Parish. They are sued in his individual capacity (Plaintiffs will supplement once the officers are revealed);

1

c) CHIEF J. SHANNON WOMACK, is and was at all relevant times the Chief of DSPD, a person of full age and majority domiciled in Livingston Parish. He is sued in his official capacity;

d) XYZ INSURANCE COMPANY, an insurance company authorized to do, and doing business in the State of Louisiana providing general liability coverage and/or Excess of Loss Coverage for Chief Womack, The Unknown DPSD Officers, and/or City of Denham Springs and the Denham Springs Police Department for any and all acts and damages occurring from this incident and all EXCESS DAMAGE CLAIMS, incurred in the City of Denham Springs on behalf of all named Defendants.

e) At all times relevant to this complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiff.

f) At all times to this Complaint, all defendants acted under the color of state law.

## JURISDICTION AND VENUE

2.

The United States District Court has jurisdiction over the subject matter of this complaint under 42 U.S.C. 1983 and 28 U.S.C. 1331, 1343(a)(3), and 1367(a).

3.

The Middle District of Louisiana is the appropriate venue to bring this complaint, because the facts that give rise to Plaintiffs' claims all took place within the Middle District of Louisiana.

## FACTUAL ALLEGATIONS SURROUNDING DECEMBER 24, 2018

4.

On December 24, 2018, Robert Gray was driving his personal vehicle when he was going to pick up his son Jacob Gray from work at Don's Seafood in Denham Springs.

5.

Officers with the DSPD pulled over Robert Gray for failing to have a licensed plate light.

6.

Officers with the DSPD were working on duty, in their capacity, and within the course and scope of their employment, as a Denham Springs Police Officers.

7.

One of the DSPD officers approached Robert Gray's vehicle and came into contact with him on his driver's side window.

8.

During the intitial encounter with Robert Gray, officers believed him to be under the influence of either drugs or alcohol due to his erratic speech patterns and body movements.

9.

Robert Gray tried to explain to the officers that he suffers from central pontine myselinolysis; which, in short, is a nerve disease where one can suffer acute paralysis, present difficulites swallowing, speaking, an unstable gait, and tremors.

10.

DSPD officers repeatedly asked Mr. Robert Gray to exit the vehicle.  Mr. Gray tried to explain, that given the uneven ground, he would likely fall given his condition.

11.

Mr. Gray repeatedly offered to show the DSPD officers his handicap identification card.

12.

DSPD officers ignored the request of Mr. Robert Gray and threatened to forcibly remove him from his SUV.  It is around this time, that Mr. Robert Gray called his son, Jacob Gray, for help.  Mr. Gray was hoping that his son, Jacob, would be able to better explain to the DSPD officers his condition.

13.

When Jacob Gray saw his father's SUV parked near his place of employment with numerous law enforcement officers surrounding it, he immediately rushed over to tend to his father.

14.

As Mr. Jacob Gray approached the scene, he observed his father, Mr. Robert Gray, pleading with the DSPD officers, while being physically removed from the SUV.

15.

As a result of the mishandling and mistreatment of his disabled father, Jacob Gray used his cellphone to record this incident.

16.

One of the responding DSPD officers approached Jacob Gray in an attempt to prevent him from recording the encounter with his father.  He forced Jacob Gray to move to the passenger side of his father's SUV in an effort to block him from recording the incident.

17.

Without any legal provocation or justification, one of the responding DSPD officers, physically removed Jacob Gray's cellphone from his hand and violently took him to the ground.

18.

Unbeknownst to any of the DSPD officers, Jacob Gray's cellphone was still recording the incident.  Though, one could not visibly see what was going on, one could hear the continued assault on both Jacob and Robert Gray.  At one point, one could hear Jacob Gray scream from being pepper sprayed in his face.

19.

One of the DSPD officers noticed Jacob Gray's telephone on the ground and saw that it was recording.  It is alleged that he stopped the recording and deleted the video.  However, given the fact that Jacob Gray's phone was an Iphone, the video did not delete, it merely went to the "deleted photo/video album" in the photo application on Jacob Gray's phone.

20.

After removing Mr. Robert Gray from the vehicle, DSPD officers conducted a search of the vehicle and located a small amount of marijuana in the "trunk" of his SUV.

5

21.

Mr. Robert Gray was arrested for Misdmeanor Possession of Marijuana, License Plate Light Required, Fake MVI Sticker, and Resisting an Officer.

22.

Mr. Jacob Gray was arrested for Resisting an Officer.

23.

Both Mr. Robert Gray and Jacob Gray were released to Mrs. Annie Gray (Robert's wife and Jacob's mother) on a personal surety bond.

24.

There was no legal cause to justify the excessive forced used against both Mr. Robert Gray and Jacob Gray.  The force used was both unreasonable and excessive.

25.

At all times relevant to this Complaint, the conduct of the DSPD and its responding officers was reckless and had a callous disregard of the Plaintiffs rights under federal and state law.

26.

As a direct result and proximate result of the conduct of all Defendants, the Plaintiffs suffered and continue to suffer extraordinary damages, including the prolonged loss of liberty,

emotional distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering, some of which may be permanent, as well as financial losses.

## FACTUAL ALLEGATIONS SURROUNDING EMPLOYMENT, TRAINING, SUPERVISION, AND DISCIPLINE OF THE DSPD OFFICERS

27.

The City of Denham Springs utilizes and employs its own police department known as the Denham Springs Police Department (DSPD).  The Chief of DSPD at all relevant times before, during, and after this incident was Chief J. Shannon Womack, making him the responsible decisionmaker and policymaker for the DSPD.

28.

The interrogation, stop, excessive force and other illegal conduct sued upon herein occurred in the City of Denham Springs, and in the exclusive territorial jurisdiction of the City of Denham Springs.

29.

In Chief Womack's official capacity, he was and is responsible for adopting, implementing, promulgating, and enforcing policies, customs, and practices pertaining to making arrest and preserving peace in the City of Denham Springs.

30.

Additionally, Chief Womack is responsible for the screening, hiring, disciplining, training, supervising, and the retraining of Denham Springs Police Officers to ensure each police officer

7

was and is qualified and properly trained to perform the duties and functions of a peace officer including making arrests, preserving the peace, and the constitutional use of force.

31.

Based on the extreme misconduct of the DSPD officers and upon information and belief, Defendants Womack and City of Denham Springs did not properly examine and scrutinize the background of the DSPD officers responsible for the events of December 24, 2018.

32.

Based on the extreme misconduct of Defendants DSPD Officers and upon information and belief, Defendants Womack and City of Denham Springs did not properly train, supervise, and/or discipline the DSPD Officers with regard to proper police practices.

33.

Upon information and belief, in willful, reckless, and callous disregard to Plaintiffs' rights under federal and state law, Defendants Womack and City of Denham Springs did not have a use of force policy in place for the City of Denham Springs at all relevant times.

34.

The DSPD officers's extreme misconduct was a product of this environment and undertaking pursuant to de facto policies, practices, and/or customs—both written and unwritten— of the DSPD and the City of Denham Springs. Defendants Womack and City of Denham Springs are guilty of the following wrongful acts, including but not limited to:

1. Failing to properly hire, supervise, and train DSPD Officers;
2. Failing to reprimand and discipline DSPD Officers who engage in misconduct;
3. Failing to retrain and/or otherwise control DSPD Officers who engage in excessive force;
4. Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;
5. Failing to adequately investigating complaints and allegations of excessive force and other misconduct by DSPD Officers;
6. Failing to retrain and otherwise control DSPD Officers who engage in excessive force and unjustified use of force;
7. Failing to properly investigate allegations prior to issuing arrest warrants;
8. Tacitly approving of DSPD Officers using their power and position to interfere with other citizens' rights;
9. Facilitating misconduct resulting in failing to protect civilians from reckless indifference of Defendant's City agents, servants, and employees in its Police Department as a matter of policy and practice; and
10. Allowing the practice and custom of a "police code of silence," resulting in DSPD Officers refusing to report instances of police misconduct of which they are aware.

35.

As a direct result and proximate result of the conduct of Defendants, the Plaintiffs suffered and continue to suffer extraordinary damages, including the prolonged loss of liberty, emotional distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering, some of which may be permanent, as well as financial losses.

## CAUSES OF ACTION

### Count I

**Plaintiffs v. Defendant "unknown DSPD officers" and Defendant Womack**
**Federal Constitutional Claims**

36.

The actions of Defendants "unknown DSPD officers" and Defendant Womack violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to be free the unlawful use of force and the obstruction of evidence.

## Count II

### Plaintiffs v. Defendant Womack
### Federal Constitutional Claims

37.

The actions or inactions of Defendant Womack and Defendant Doe violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, directly or proximately causing the injuries suffered by Plaintiffs due to Defendant Womack's failure to train, supervise, and discipline Defendant "unknown DSPD officers".

38.

The actions or inactions of Defendant Womack violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the U.S. Constitution directly or proximately, causing the injuries suffered by Plaintiffs by creations of or failure to correct unconstitutional policies, practices, patterns, and/or customs.

## Count III

### Plaintiff v. Defendant City of Denham Springs
### Federal Constitutional Claims

39.

The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff's damages, and/or the conduct of the individual

Defendants were directly and proximately caused by the actions and/or inactions of the Defendant City of Denham Springs, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

a.  Legal cause to stop, detail, and/or arrest a citizen;

b.  Legal cause to criminally charge a citizen;

c.  Use of force by police officers;

d.  Police officers' duties and responsibilities to engage in proper investigative techniques;

e.  Failing to properly investigate allegations prior to issuing arrest warrants;

f.  The proper exercise of police powers, including not limited to the making of an arrest, the use of force, and the bringing of criminal charges;

g.  Police officer's duties not to obstruct evidence favorable to its citizens;

h.  The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

i.  The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

j.  Failing to retrain and/or otherwise control police officers who engage in excessive force;

k.  Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;

11

l.  The hiring and retention of officers who are unqualified for their employment positions;

m.  Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

n.  The failure of police officers to follow established policies, procedures, directive, and instructions regarding arrests, use of force, and institution of criminal charges under such circumstances as presented by this case;

o.  The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Denham Springs police officers;

p.  Facilitating misconduct resulting in failing to protect civilians from reckless indifference of Defendant's City agents, servants, and employees in its Police Department as a matter of policy and practice

**Count IV**

**Plaintiff v. Defendants "unknown DSPD officers", Womack, and City of Denham Springs State Law Claims**

40.

Mr. Robert Gray and Jacob Gray alleges that the Defendants are responsible and liable under Louisiana Code of Civil Procedure Articles 2315 and 2317, which require that every act whatever man that causes damage obligates him by whose fault it is to repair it; and individuals are responsible not only for damage occasioned by their own acts, but also for damage caused by

acts of persons for whom the individual is answerable, or of the thing which the individual has in his custody.

41.

**The actions and/or inactions of Defendants "unknown DSPD officers", under the law of the State of Louisiana, constitute the torts of:**

    a.  Battery;

    b.  Intentional Infliction of Emotional Distress;

    c.  Intentional Misrepresentation;

    d.  Abuse of Process.

42.

**The actions and/or inactions of Defendants Womack and City of Denham Springs, under the law of the State of Louisiana, constitute the torts of:**

    a.  Battery;

    b.  Intentional Infliction of Emotional Distress;

    c.  Intentional Misrepresentation;

    d.  Negligent Hiring;

    e.  Negligent Retention;

    f.  Negligent Supervision;

    g.  Abuse of Process.

## JURY TRIAL DEMAND

### 43.

Mr. Robert Gray and Jacob Gray request a trial by jury.

## PRAYER FOR RELIEF

### 44.

The Plaintiffs respectfully request:

a. Compensatory damages as to all Defendants;

b. Special damages as to all Defendants

c. Punitive damages as to Defendants "unknown DSPD officers" and Womack;

d. Reasonable attorneys' fees and costs as to all Defendants;

e. Such other and further relief as may appear just and appropriate

WHEREFORE, Robert Gray and Jacob Gray, pray that a copy of the above petition is served upon all of the Defendants named herein, and that after all proceedings a judgment is rendered in favor of Plaintiffs and against Defendants for all relief deemed equitable under the law including attorney's fees and costs.

<u>/s/ Ronald S. Haley, Jr.</u>

Ronald S. Haley, Jr. (#30900)
HALEY & ASSOCIATES
ATTORNEYS AT LAW, LLC
8211 Goodwood Blvd Suite E
Baton Rouge, LA 70806
Office: 225-663-8869
Facsimile: 888-900-9771
rhaley@ronaldhaleylawfirm.com

Dedrick A. Moore (#30329)
DEDRICK A. MOORE
ATTORNEYS AT LAW, LLC
4962 Florida Blvd
Baton Rouge LA, 70806
Phone: (225) 412-0412
Fax: (225) 412-0414

Christopher J. Murell (#32075)
Lance C. Unglesby (#29690)
Adrian M. Simm Jr. (#36673)
UNGLESBY LAW FIRM
246 Napoleon Street
Baton Rouge, LA 70802
(225) 387-0120
chris@unglesbylaw.com